# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEIZELMAN<br>BOP #20068-298,<br>BRIAN McCLURE<br><br>                      Plaintiffs,<br><br>vs.<br><br>CRAIG DURHAM, LESLIE JOHNSON;<br>DARLENE SMITH; IDAHO DISTRICT<br>JUDGES (CURRENT; AND JOHN<br>DOES,<br>                      Defendants. | Civil No.   10-1560 BTM (WMc)<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF BRIAN McCLURE;**<br><br>**(2) GRANTING PLAINTIFF HEIZELMAN'S MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(3) SUA SPONTE DISMISSING COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

      Plaintiffs, federal inmates currently incarcerated at the Metropolitan Correctional Center located in San Diego, California and proceeding pro se, filed a civil rights Complaint on July 22, 2010. Initially, neither Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). The Court issued an Order on August 3, 2010 requiring both Plaintiffs to either pay the entire initial

civil filing fee or file Motions to Proceed IFP by August 30, 2010. *See* Aug. 3, 2010 Order at 2. That time has passed and only Plaintiff Heizelman has filed a Motion to Proceed IFP.

## I.  Dismissal of Plaintiff Brian McClure

Plaintiff Heizelman purports to bring this action on behalf of Plaintiff Brian McClure. However, because Plaintiff Heizelman is proceeding pro se, he has no authority to represent the legal interest of any other party. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party."). Moreover, Plaintiff McClure has not signed the Complaint, filed a Motion to Proceed IFP or indicated to the Court in any way that he is a party to this action. Thus, Plaintiff Brian McClure is DISMISSED from this action.

## II.  Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). The institution having custody of the prisoner must collect payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1). In this affidavit, Plaintiff claims that he has been unable to obtain a certified copy of his inmate trust account statement. Based upon this information, the Court **GRANTS**

Plaintiff's Motion to Proceed IFP and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). The $350 balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) as set forth at the end of this Order.

### III.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

In reviewing the Complaint, it is difficult to understand the underlying factual allegations that Plaintiff claims give rise to alleged constitutional violations. In his Complaint, Plaintiff alleges that he was "tortured" in a prison in Idaho for a number of years and contends that this torture has been "hidden by the Idaho Federal Courts and the Clerks there." *See* Compl. at 1. Plaintiff further claims that he was "throw[n] out of state to hide torture going on there." *Id.* at 2. Plaintiff makes a number of allegations on behalf of former Plaintiff Brian McClure. However, since Plaintiff McClure has been dismissed from this action, these claims have no relevancy in the action brought by Plaintiff Heizelman. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court finds Plaintiff's claims to be frivolous under § 1915A because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328. Thus, the Court dismisses the entirety of Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A.

**IV.     Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff Brian McClure is **DISMISSED** from this action.

2. Plaintiff Heizelman's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

3. The Warden of the Metropolitan Correctional Center, or his designee, is ordered to collect from Plaintiff Heizelman's prison trust account the $350.00 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this order on Warden, MCC, San Diego, 809 Union Street, San Diego, California 92101.

**IT IS FURTHER ORDERED** that:

5. Plaintiff Heizelman's Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.  Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

6. Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

/ / /

1       The Clerk shall enter judgment for the Defendants and close the file.

2       **IT IS SO ORDERED.**

3 DATED: September 20, 2010

                                                               */s/ Barry Ted Moskowitz*

                                                               Honorable Barry Ted Moskowitz
                                                               United States District Judge